IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN MCCLELLAN OCKER III,<br><br>    Plaintiff,<br><br>    v.<br><br>ADA COUNTY POLICE AND COURTS, ST. LUKE'S HOSPITAL AND DAY CARE, AT&T TELEPHONE CO., HEWLETT PACKARD COMPUTERS.<br><br>    Defendants. | Case No. 1:17-CV-00383-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

The Court has before it Plaintiff's application to proceed without payment of fees (Dkt. 1) and Plaintiff's Complaint (Dkt. 2). For the reasons explained below, the Court will approve the application, but dismiss the Complaint.

## ANALYSIS

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. 1915(a)(1). In order to qualify for in forma pauperis status, Plaintiff must submit an affidavit that includes a statement of all assets he possesses and that he is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents "with necessities of life." *Adkins v.*

*E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation omitted).

Here, the Court has reviewed the affidavit provided by Plaintiff in this case and finds that it sufficiently state facts supporting Plaintiff's poverty. For that reason, the Court will grant Plaintiff's In Forma Pauperis Application (Dkt. 1).

The Court is required to screen complaints brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). Plaintiff's Complaint, or a portion thereof, will be dismissed if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, plaintiff's Complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs – whether represented or not – have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

**Memorandum Decision & Order - 2**

Here, the Plaintiff has failed to state a claim upon which relief can be granted. Magistrate Judge Bush conducted a thorough review, and recommended that the action be dismissed. *See Initial Review Order* (Dkt. No. 6). The Court adopts that decision as its own. After review of the Complaint, the Court finds that it contains no more than bare allegations that various parties have unlawfully harmed the Plaintiff, which are not enough to state a claim for relief. *See Iqbal*, 566 U.S. at 678. Nor does it appear that Plaintiff would be able to cure this deficiency, if given leave to amend his Complaint. Accordingly,

NOW THEREFORE IT IS HEREBY ORDERED, that the Initial Review Order (Dkt. 6) is hereby ADOPTED as the decision of this Court.

IT IS FURTHER ORDERED, that Plaintiff's In Forma Pauperis Application (Dkt. 1) is GRANTED.

IT IS FURTHER ORDERED, that Plaintiff's Complaint (Dkt. 2) be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

IT IS FURTHER ORDERED, that the Clerk close this case.

DATED: January 24, 2018

_____
B. Lynn Winmill
Chief Judge
United States District Court